UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LESTER BELL**, <br><br> Petitioner, <br><br> v. <br><br> **MATT MACAULEY**,[1] <br><br> Respondent. | Case No. 2:20-cv-11746 <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a 28 U.S.C. § 2254 habeas action brought by Lester Bell, a Michigan state prisoner currently confined at Bellamy Creek Correctional Facility in Ionia, Michigan. Petitioner, who is serving a sentence of one to fifteen years, challenges his plea conviction in the Tuscola County Circuit Court on charges related to the possession of a cellphone in prison, in violation of Mich. Comp. Laws §§ 800.2811 and 800.283A. The petition's claims of error are that the untimely notice of habitual offender enhancement is a due process violation and resulted in a jurisdictional defect at the trial court. For the reasons discussed below, the Court will deny the habeas petition. The Court will also deny a certificate of appealability.

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. *See* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## BACKGROUND

According to the trial court's order addressing his motion for relief from judgment,[2] Petitioner pled no contest in the 54th Circuit Court (Tuscola County) on February 23, 2008, to charges involving possessing and furnishing contraband in prison. ECF No. 1, PageID.24. *Id*. He was sentenced for a parole violation as a fourth habitual offender to one to fifteen years' incarceration. *Id*. Petitioner's motion alleged a jurisdictional defect and a miscarriage of justice based on the untimely filing of habitual offender enhancement notice. *Id*. at 24-25.

The trial court found the untimely notice to be harmless error and denied relief. *Id*. at 25. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *People v. Bell*, Dkt. No. 350195 (Mich. App. Jan. 7, 20) (unpublished), *lv. den.*, 943 N.W.2d 131 (Mich. 2020) (Mem). Petitioner filed this petition on June 15, 2020.

## DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *Taylor v. Palmer*, 623 F.

---

[2] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), and *aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

App'x 783, 786 n.3 (6th Cir. 2015) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254. A district court has the duty to screen out any habeas corpus petition that lacks merit on its face. *Allen v. Perini*, 424 F.3d 134, 141 (6th Cir. 1970).

**A. Petitioner's claims**

Petitioner argues that the state court was unreasonable to deny his motion for relief from judgment, which claimed that because he received no notice that the prosecutor intended to seek habitual offender enhancement, the sentencing court lacked jurisdiction. He also argues that the trial court's harmless error analysis of his jurisdiction and the lack of habitual offender notice claims was improper.

Petitioner is entitled to habeas relief only if he is in custody in violation of federal law. 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Because Petitioner's claims only involve questions of state law, his petition fails.

Petitioner correctly cites *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011), for the doctrine that "[o]bjections to subject-

3

matter jurisdiction . . . may be raised at any time." However, whether a state court possesses jurisdiction is a state law issue. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam). "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001).

Thus, to the extent that Petitioner challenges the state court's jurisdiction over his criminal case, he fails to state a claim upon which federal habeas relief may be granted. Petitioner's reliance on *People v. Washington*, 321 Mich. App. 276, 284 (2017), *vacated by* 503 Mich. 1030 (2019), does not change this outcome. *Washington*'s jurisdictional defect was not the result of untimely habitual offender enhancement notice, but about trial court jurisdiction during the pendency of an appeal. 321 Mich. App. at 284-285. Further, as that case applied Michigan Court Rules as well as state precedent, *People v. Swafford*, 483 Mich. 1, 6 n.5 (2009), *Washington* does not support Petitioner's case for federal habeas relief.

In addition to his jurisdictional argument, Petitioner argues that his sentencing as a habitual offender without notice was a violation of his due process rights under the Fourteenth Amendment, as was the trial court's harmless error analysis of this issue. However, Petitioner's claims are non-cognizable on habeas review because they involve an application

4

of state law. *See Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008).

Furthermore, due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender charge, it only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge. *Oyler v. Boles*, 368 U.S. 448, 452 (1962). Procedural protections include the opportunity to argue the existence of "any infirmities in the prior convictions . . ." *Id.* at 454.

However, Petitioner never suggests, in his state court pleadings or in his habeas petition, that habitual offender enhancement was inapplicable to him because he lacked valid prior convictions. In repeatedly referring to his sentence enhancement as "non-applicable," he argues only the lack of notice, which, again, is a matter of state law. *See* Pet., ECF No. 1, PageID.62 ("Because the 4th habitual was not properly filed it was not applicable to the defendant.").

It is plain from the petition and supporting exhibits that Petitioner's claims are meritless. *Carson*, 178 F.3d at 436; *Allen*, 424 F.3d at 141. The petition will be dismissed.

## B. Certificate of appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant must show

5

that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**SO ORDERED**.

DATED: September 4, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge